UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HOPE PRISON MINISTRIES,**

Plaintiff,

v. **No. 4:26-cv-00369-P**

**CITY OF FORT WORTH, TEXAS**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant City of Fort Worth's ("the City") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss (ECF No. 12), Plaintiff Hope Prison Ministry's ("Plaintiff") Response (ECF No. 16), and the City's Reply (ECF No. 17). Having considered the filings, the applicable law, and the record, the Court will **GRANT** the City's Motion.

## BACKGROUND

Plaintiff is a faith-driven organization that operates transitional housing and Christ-centered rehabilitation to formerly incarcerated individuals, including sex offenders. *See* ECF No. 10 at 1. Plaintiff sues the City based on its recent enactment of Ordinance § 23-23 ("the Ordinance"). Plaintiff brings an as-applied constitutional challenge to the Ordinance, alleging five causes of action and seeking declaratory and injunctive relief.

The Ordinance makes it unlawful for a sex offender registered for an offense involving a minor victim to establish temporary or permanent residence within 2,000 feet of any premises where children commonly gather. ECF No. 12 at 31. The Ordinance also makes it unlawful to lease or rent any real property with the knowledge that it will be used as a permanent or temporary residence by any person prohibited from

establishing residence due to the place or structure or any other conveyance being located within 2,000 feet of premises where children commonly gather. ECF No. 12 at 31. The City alleges it adopted the Ordinance to protect the health, safety, and welfare of its citizens. ECF No. 12 at 7. The Fort Worth City Council found that protecting children from sexual abuse and predatory behavior is a legitimate and compelling governmental interest. ECF No. 12 at 7.

The City has not issued citations or pursued any action against Plaintiff. ECF No. 12 at 7–8. Rather, Plaintiff sues based on the threat of enforcement. ECF No. 16 at 5. The City contends that it is entitled to dismissal of Plaintiff's claims because Plaintiff lacks standing to challenge the Ordinance under federal and state law, and Plaintiff fails to plead sufficient facts to state a plausible claim. ECF No. 12 at 8. Plaintiff alleges the Ordinance violates (1) the Fair Housing Act ("FHA"); (2) the Free Exercise Clause of the First Amendment under 42 U.S.C. § 1983; (3) the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983; (4) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and (5) the Texas Religious Freedom and Restoration Act ("TRFRA"). ECF No. 10 at 2, 19, 24.

## LEGAL STANDARD

A suit should be dismissed if the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The complaint fails to state a claim if there is no set of facts consistent with the allegations in the complaint under which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Accordingly, dismissal is proper under Rule 12(b)(6) unless the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible in its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must allege more than mere "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

## ANALYSIS

Again, Plaintiff alleges the Ordinance violates the following: (1) FHA (2) Free Exercise Clause of the First Amendment under 42 U.S.C. § 1983; (3) Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983; (4) RLUIPA and (5) TRFRA. Plaintiff challenges the validity of the Ordinance as applied because it "effectively bars [Plaintiff] from carrying out its core religious mission," while also rendering housing unavailable to its residents. ECF No. 10 at 2.

The Court finds that all five claims should be dismissed for failure to state a claim.[1] The Court addresses each claim in turn.

### A. Plaintiff Fails to State a Plausible Claim for Relief Under the Fair Housing Act.

The FHA provides a private right of action for discriminatory housing practices. *See* 42 U.S.C. § 3613; *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003). Before any liability can arise under the FHA, a plaintiff must demonstrate that they qualify as an aggrieved person. An "aggrieved person" is "any person who" either "claims to have been injured by a discriminatory housing practice" or believes that such an injury "is about to occur." 42 U.S.C. § 3602(i); *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S 189, 197 (2017). "Discriminatory housing practice" means an act that is unlawful under Section 3604, 3605, 3606, or 3617 of the FHA. 42 U.S.C. § 3602(f). Under § 3604, it is unlawful to make unavailable or deny a dwelling to any buyer or renter because of a handicap of: that buyer or renter, a person intending to reside in that

[1] Because the Court finds dismissal is warranted under Rule 12(b)(6), it declines to engage in a 12(b)(1) analysis.

dwelling after it is made available, or any person associated with the buyer or renter. 42 U.S.C. § 3604(f)(1).

Here, the FHA does not apply because Plaintiff is not an aggrieved person who has been injured by a discriminatory practice. While Plaintiff may house individuals with a disability apart from them being a child sex offender, Plaintiff fails to identify any provision in the Ordinance that discriminates against persons on the basis of a qualifying disability. The Ordinance *only* applies to child sex offenders. Being a child sex offender is not a disability. Because the Ordinance only affects those who are child sex offenders, Plaintiff is not an aggrieved person under the applicable statute. Therefore, Plaintiff fails to state a claim under the FHA.

Additionally, Plaintiff failed to plead any facts demonstrating that persons with disabilities are disproportionately impacted by the Ordinance. "[A] disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity." *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 542 (2015). A plaintiff cannot make out a prima facie case of disparate impact if plaintiff fails to allege facts or produce statistical data at the pleading stage demonstrating such a causal connection. *Id.* at 543. Here, Plaintiff has only alleged that individuals with disabilities rely on group and transitional housing. *See* ECF No. 10 at 13–14. This is insufficient, especially given that the Ordinance does not prohibit group or transitional housing for persons with disabilities, but only prohibits housing for a child sex offenders near children. *See* ECF No. 12 at 31. Thus, Plaintiff fails to establish facts demonstrating a causal connection between the Ordinance and a disparate impact on disabled individuals.

Even if Plaintiff properly claimed that the Ordinance disproportionally impacts persons with disabilities, under the FHA governmental entities must not be prevented from achieving legitimate objectives, such as the health and safety of its citizens. *Texas Dep't of Hous. & Cmty. Affs.*, 576 U.S. at 544; *see also* ECF No. 12 at 29. "Government policies are not contrary to the disparate impact requirement, unless they are 'artificial, arbitrary, and unnecessary

barriers.'" *Id.* at 543. Plaintiff has not alleged any facts establishing that the Ordinance is artificial, arbitrary, or an unnecessary barrier, nor can Plaintiff point to any provision in the Ordinance that allegedly causes any disparity based on a disability.

Thus, Plaintiff has failed to allege facts showing that the individuals it houses are discriminated against due to their disability or disparately impacted by the Ordinance. Accordingly, the Court must dismiss this claim.

### B. Plaintiff Fails to State a Plausible Free Exercise Claim.

The First Amendment's Free Exercise Clause provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." U.S. CONST. amend. I. The Free Exercise Clause applies to the States and their subdivisions through the Fourteenth Amendment. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). The Free Exercise Clause affords protection to religious beliefs and, to a limited extent, religious conduct. *Emp. Div., Dept. of Hum. Res. of Or. v. Smith*, 494 U.S. 872, 877–78 (1990). Conduct, however, "remains subject to regulation for the protection of society." *Cantwell*, 310 U.S. at 304. As the *Cantwell* court explained, "[e]ven the exercise of religion may be at some slight inconvenience in order that the state may protect its citizens from injury." *Id.* at 306.

To successfully establish a free exercise claim, plaintiff's allegations must demonstrate that a government entity has burdened his sincere religious practice pursuant to a policy that is not "neutral" or "generally applicable." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022). A burden upon a religious practice exists, where a state either "conditions receipt of an important benefit upon conduct proscribed by a religious faith" or "denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 717–18 (1981). "The government does not impermissibly regulate religious belief, however, when it promulgates a neutral, generally applicable law or rule that happens to

result in an incidental burden on the free exercise of a particular religious practice or belief." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 135 (5th Cir. 2009). "Religious practices that threaten the public's health, safety, or general welfare cannot be tolerated as protected religious belief." *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 12 (Tex. 2008) (citation omitted).

Here, Plaintiff fails to plead any facts showing that the Ordinance is not "neutral" or "generally applicable." *Kennedy*, 597 U.S. at 525. The Ordinance prohibits child sex offenders from residing within 2,000 feet of locations where children are usually present. *See* ECF No. 12 at 30–31. A plain reading of the Ordinance shows the restriction is not aimed at any religious practice—it is aimed at protecting children from the risks associated with having child sex offenders near areas where children gather. This neither facially discriminates against adherents of any particular faiths nor targets any religious conduct. Moreover, the Ordinance is generally applicable because it does not restrict housing based on any religious or secular conditions. The Ordinance applies universally to residences under the Ordinance's jurisdiction. Thus, all conduct—secular and religious—is limited equally, without consideration of any religious commitments or individual exceptions.

Laws that are neutral and generally applicable are subject only to rational basis review. *See Smith*, 494 U.S. at 886 ("Our conclusion that generally applicable, religion-neutral laws that have the effect of burdening a particular religious practice need not be justified by a compelling governmental interest is the only approach compatible with these precedents."). Therefore, the Ordinance need only be rationally related to a legitimate government interest to survive constitutional scrutiny.

Under rational basis review, the Ordinance is "accorded a strong presumption of validity" and "must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis" for it. *Heller v. Doe*, 509 U.S. 312, 319–20 (1993). Plaintiff bears the burden of showing that there is no conceivable state of facts that could provide a rational basis for the Ordinance. Plaintiff fails to do so. Protecting

children from the potential sexual abuse and predatory behavior of child sex offenders is a legitimate and compelling interest. ECF No. 12 at 7.

Further, other courts have found that sex offender registry restrictions that serve to protect children are rationally related to a legitimate governmental interest. *See, e.g., Duarte v. City of Lewisville*, 136 F. Supp. 3d 752, 786 (E.D. Tex. 2015), *aff'd*, 858 F.3d 348 (5th Cir. 2017) (holding a city's ordinance prohibiting registered sex offenders from residing within 1,500 feet of "where children commonly gather" rationally advanced the government's interest in protecting children); *Doe v. Miller*, 405 F.3d 700, 714–15 (8th Cir. 2005) (finding legislature had a legitimate interest in protecting children and Iowa's statute rationally advanced this interest by prohibiting sex offenders from living within 2000 feet of a school or child care facility). Plaintiff has failed to plausibly plead facts that there is no conceivable rational basis for implementation of the Ordinance.

Thus, Plaintiff fails to state a plausible claim for relief under the Free Exercise Clause. As such, the Court must dismiss this claim.

### C. Plaintiff Fails to State a Plausible Claim for Relief Based on a Violation of the Equal Protection Clause.

The Equal Protection Clause prohibits the government from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Equal protection is implicated only if the challenged government action "classifies or distinguishes between two or more relevant groups." *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996) (quoting *Qutb v. Strauss*, 11 F.3d 488, 492 (5th Cir. 1993)). Thus, to establish an equal protection claim, Plaintiff must first show that similarly situated persons of two or more classifications were treated differently. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012). Once that element is established, the Court determines the appropriate level of scrutiny. *Id.*

Strict scrutiny is appropriate only where a government classification "implicates a suspect class or fundamental right." *Id.* "Otherwise, rational-basis review applies and this court need only determine

whether the classification is rationally related to a legitimate government interest." *Id.*

The Court is skeptical Plaintiff even meets the first prong of this analysis. However, even assuming Plaintiff did establish that similarly situated people were treated differently, sex offenders are not a suspect class under the Equal Protection Clause. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014) ("A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class."). Therefore, rational-basis review applies.

As already determined by the Court in the Free Exercise Clause claim analysis, the Ordinance is valid under rational-basis review. *See supra* Section B. As a result, Plaintiff fails to plausibly state a claim under the Equal Protection Clause. Therefore, the Court must dismiss this claim.

### D. Plaintiff Fails to State a Plausible Claim Under the Religious Land Use and Institutionalized Persons Act.

Plaintiff fails to state a plausible claim under RLUIPA. Specifically, Plaintiff fails to allege facts that establish a plausible claim for the Ordinance being classified as a land use regulation under RLUIPA.

Under RLUIPA, a "land use regulation" means a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest. 42 U.S.C. § 2000cc-5; *see A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.,* 611 F.3d 248, 259 (5th Cir. 2010) (explaining that RLUIPA's "scope is limited to laws and regulations that govern (1) land use and (2) institutions such as prisons that receive federal funds").

Here, the Ordinance does not fall within RLUIPA's definition of "land use regulation." While it might incidentally affect land use, the Ordinance is person-based. The Ordinance contains no reference to the

City's zoning or landmarking authority. *See* ECF No. 12 at 29–33. Other courts have refused to consider similar ordinances or laws as land use regulations under the RLUIPA definition. *See Whitaker v. Perdue*, No. 4:06-CV-0140-CC, 2007 WL 10025445, at *14 (N.D. Ga. Mar. 30, 2007), *reconsidered in part*, No. 4:06-CV-0140-CC, 2008 WL 11627774 (N.D. Ga. Sept. 30, 2008); *Merced v. City of Euless*, No. 4:06-CV-891-A, 2008 WL 182220, at *2 (N.D. Tex. Jan. 17, 2008) (McBryde, J.).

In *Merced*, Judge John McBryde dismissed Plaintiff's RLUIPA claim for similar reasons. *Merced*, 2008 WL 182220, at *2. There, Plaintiff was an ordained member of the Santeria religion, of which blood sacrifice was an essential element. *Id.* at *1. A Euless ordinance made it "unlawful to slaughter or to maintain any property for the purpose of slaughtering any animal in the city." *Id.* Judge McBryde explained that "[i]f defendant's ordinance regulating the activity of slaughtering animals were construed as a land use regulation under RLUIPA, then any ordinance that regulates a person's activities, as all activities are in some way conducted on land, would potentially be subject to RLUIPA." *Id.* at *2.

Here, like in *Merced*, Plaintiff contends the Ordinance is a land use regulation because it governs where individuals may reside and prohibits certain uses of property. ECF No. 10 at 24. Plaintiff is incorrect. The fact that Plaintiff wants to use its land to house child sex offenders for religious reasons does not transform the Ordinance into a land use regulation. *See Merced*, 2008 WL 182220, at *2; ECF No. 10 at 24.

In conclusion, Plaintiff fails to plead a plausible claim for relief under RLUIPA. Accordingly, the Court dismisses this claim.

### E. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's Texas Religious Freedom and Restoration Act Claim.

The Court is exercising supplemental jurisdiction over the TRFRA state law claim. As the Court is dismissing all of Plaintiff's federal claims, all claims over which the Court had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c) gives courts broad discretion to

decline to exercise supplemental jurisdiction in this specific situation. 28 U.S.C. § 1367(c); *Price v. Jefferson Cnty.*, 470 F. Supp. 2d 665, 694 (E.D. Tex. 2006) ("When federal law claims that serve as the basis for subject matter jurisdiction are dismissed and only state law claims grounded on supplemental jurisdiction remain, a district court has broad discretion to dismiss the state law claims."). Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's TRFRA claim.

The Court finds that all of Plaintiff's federal claims fail to state a plausible claim for relief and declines to exercise supplemental jurisdiction over Plaintiff's TRFRA claim.

Because Plaintiff's claims fail on 12(b)(6) grounds, the Court declines to conduct 12(b)(1) analysis.

## CONCLUSION

For the above reasons, the Court **GRANTS** the Motion to Dismiss. Accordingly, the case is hereby **DISMISSED with prejudice**.[2]

**SO ORDERED** on this **14th day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[2] If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003). Plaintiff has already amended its complaint once. ECF No. 10 at 1. The Court concludes Plaintiff has alleged its best case.